UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAMSON DIMANCHE,

    Petitioner,

v.                                  Case No.8:10-CV-578-T-27EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Before the Court are Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and "Challenge to United States District Court Application of Sentence Enhancement" (D-1 and 2), and Defendant's Application to Proceed without Prepayment of Fees and Affidavit (D-3).

By order dated March 11, 2010, the Court directed Petitioner to advise the Court within twenty days as to which of three options set forth in that Order Petitioner chose to elect, pursuant to Castro v. United States, 540 U.S. 375 (2003). (D-4.) The Court noted that if Petitioner failed to respond, it would consider the motion as filed. To date, Petitioner filed nothing in response to that Order. As such, the Court will consider the motion under 28 U.S.C. § 2241, as filed by Petitioner.

Petitioner argues in his filings that his sentence should not have been enhanced under 21 U.S.C. § 851 because his prior state conviction is a "non-violent" offense and does not constitute a

serious felony drug conviction. He also claims ineffective assistance of counsel in failing to challenge the Presentence Investigation Report as to this issue at sentencing. Petitioner seeks to be resentenced to a term of imprisonment not to exceed 63 to 78 months.

While Petitioner filed his motion under 28 U.S.C. § 2241, the primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). The "savings clause" of § 2255 provides:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, a petitioner may attack his sentence pursuant to § 2241 if he demonstrates that the remedy provided for under § 2255 is inadequate or ineffective. Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999).

The savings clause applies when: (1) petitioner's claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted of a "nonexistent offense"; and, (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial,

2

appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. All three criteria must be met in order for a petitioner to proceed under § 2241. Flores v. McFadden, 152 Fed. Appx. 913, 914 (11th Cir. 2005.)

In this case, a review of the docket shows that Petitioner has never sought relief under § 2255. While, at this point, any § 2255 motion filed by Petitioner would be untimely unless he could show the applicability of one of the exceptions set forth in § 2255(2-4), the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." Wofford, 177 F.3d at 1245. Because he has not pursued his available remedies through the proper procedural channels and afforded the Court an opportunity to evaluate the claims he presents in the instant filings, he cannot demonstrate that § 2255 is an inadequate or ineffective remedy such that he should be permitted to proceed under § 2241. See Flores, 152 Fed. Appx. at 914.

Furthermore, Petitioner does not contend his claims are based on retroactive Supreme Court precedent or precedent establishing that he was convicted of nonexistent offenses. Finally, Petitioner has not shown that he was previously foreclosed from making his claims. Thus, Petitioner has not demonstrated that he is entitled to proceed under § 2241.

Even if Petitioner could proceed under § 2241, he would not be

3

entitled to relief. First, Petitioner's claim that the sentencing enhancement was incorrectly applied lacks merit. In this regard, on July 10, 2007, the Government filed an Information and Notice of Prior Conviction. (Cr-D-21.) The Notice asserted that Petitioner was convicted of possession of cannabis with intent to sell and/or deliver in August 2005 and, as such, advised Petitioner that he was subject to an enhancement of the applicable mandatory minimum term of imprisonment to twenty years pursuant to 21 U.S.C. § 841(b)(1)(A). Section 841(b)(1)(A) provides that, "[i]f any person commits a violation of this subparagraph...after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a mandatory term of twenty years and fined in accordance with the preceding sentence...." 21 U.S.C. § 841(b)(1)(A).

The term "felony" is defined as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

The records submitted by Petitioner in support of his motion show that Petitioner pled guilty to possession of cannabis with the

intent to sell or deliver in violation of Fla. Stat. § 893.13. (CV-D-1, p. 6, 11, 13, 18.) Florida law provides that cannabis is a controlled substance. Fla. Stat. § 893.03(1)(c)(7). The documents submitted by Petitioner further indicate that the offense to which Petitioner pled is a third degree felony. (See Cv-D-1, p. 6, 11, 13, 18.) Under Florida law, a felony of the third degree is punishable by a term of imprisonment not to exceed 5 years. Fla. Stat. § 775.082(3)(d); (D-1, p. 6, 13, 18.)

While Petitioner contends that his prior conviction was "non-violent," and therefore not a "serious drug offense" (Cv-D-1, p. 4; Cv-D-2, p. 1), the statute mandates a minimum mandatory sentence of 20 years where a defendant has been previously convicted of a "felony drug offense." 21 U.S.C. § 841(b)(1)(A)(iii). Petitioner's 2005 State conviction for possession of cannabis with intent to sell or deliver constitutes a felony drug offense. As such, the enhancement was appropriately applied.

Petitioner's ineffective assistance of counsel claim relating to his attorney's failure to raise the issue at sentencing would also fail. Attorney Lopez addressed at the sentencing hearing Petitioner's prior conviction and the resulting enhancement. Attorney Lopez stated:

> [A]pparently he's being enhanced to the 20-year minimum mandatory due to a prior. He advised me that that prior, you know, it involved a situation where he did have some good defenses to that situation. This was in Polk County. It was a possession of marijuana with intent to sell or deliver. However, the state in recognizing that

they may have problems with their case, which often happens in state court, they will, you know, go below the guidelines and make an offer of probation, which they did in his case. And being a young man with, you know, a future, he did not want to be incarcerated and took that offer.

    We understand that the Court must recognize that as a guilty plea, and that he obviously is eligible for enhancement based on -- on that prior, but we would just request that the Court, given his lack of significant prior history as far as any crimes of violence, significant drug crimes, other than that one, that the Court impose no more than the 240 months, which is the minimum mandatory in this case.

(Cv-D-80, p.7-8.)

While attorney Lopez did not object to the enhancement, he had no basis to do so. The failure to raise a nonmeritorious issue does not constitute ineffective assistance of counsel. <u>Brownlee v. Haley</u>, 306 F.3d 1043, 1066 (11th Cir. 2002). Finally, Petitioner has not demonstrated a reasonable probability that the outcome of his sentencing would have been different had his attorney objected to the enhancement. See <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).

IT IS ORDERED that:

(1) Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and "Challenge to United States District Court Application of Sentence Enhancement" (D-1, 2) is DISMISSED for lack of jurisdiction.

(2) Defendant's Application to Proceed without Prepayment of

Fees and Affidavit (D-3) is DENIED as moot.

DONE AND ORDERED at Tampa, Florida this 27th day of April, 2010

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE